BLUMA C. RAPPOPORT AND DAVID RAPPOPORT, PLAIN-
TIFFS, v. ATLANTIC CITY AND SEASHORE RAILWAY
COMPANY, A CORPORATION, DEFENDANT.

Argued May 7, 1930—Decided January 2, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-
CHARD and LLOYD.

For the rule, *Bourgeois & Coulomb.*

*Contra, Philip Wendkos.*

PER CURIAM.

This is defendant's rule to show cause why a verdict in
favor of the plaintiff wife for $4,000 and a verdict in favor
of her husband for $1,000 should not be set aside. The ver-
dicts were rendered at the Camden Circuit.

Plaintiff Bluma C. Rappoport was alighting from defend-
ant's trolley car at a street intersection in Atlantic City.
The suit was brought upon the theory that, whilst she was
alighting, the defendant's agents operating the car suddenly
started it without giving her due warning, and as a result
of which she was thrown to the ground and received the
injuries on account of which this suit was brought.

The verdict is challenged because it is said to be against
the weight of the evidence on the question of liability. We
think it is against the great weight of the evidence.

The case was submitted to the jury because of testimony now to be mentioned. Beatrice Eversley, a sixteen-year-old girl employed by Mrs. Rappoport, and accompanying her at the time, testified that when the car stopped at the intersection, they asked the conductor if they might get out from the rear door of the car and were told they could do so; that when the door was opened she got out carrying a velocipede belonging to Mrs. Rappoport's baby; that she placed the velocipede on the ground and then turnd around; that Mrs. Rappoport followd her with the child in her arms and that as she was stepping down the trolley car gave a jerk and threw her down on her knees.

Mrs. Rappoport testified that as she was in the act of stepping down "she received a sudden jar," and fell.

Mrs. Caroline Jones, a friend of Mrs. Rappoport, testified that she happened to be passing in an automobile and that "the car gave a sudden jar and threw her." This is the extent of the testimony for the plaintiffs.

We do not think that any of this testimony can be said to be disinterested testimony.

Moreover, it appears plainly that such testimony is completely discredited and overborne by the testimony upon the part of the defendant that there was no jerk or jar or movement of the car, most of which testimony is entirely disinterested. There was testimony of an engineer and of mechanics to the effect that the mechanics of the car were such that, so long as this rear door in question was open, it was physically and mechanically impossible to start the car. This latter testimony was uncontradicted and unimpeached.

The rule to show cause will be made absolute.